IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**MARVIN BAILEY,**

    **Movant,**

v.                                                                        Case No. 2:07-cv-00321
                                                                     Case No. 2:96-cr-00191-03

**UNITED STATES OF AMERICA,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is a document filed by Marvin Bailey (hereinafter "Defendant"), and which has been docketed as a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (docket # 795). This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The court has concluded that Defendant's document is a successive § 2255 motion and should be dismissed.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On April 4, 1997, following an eight-day jury trial, Defendant was convicted on the following counts: conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (Count Two), traveling in interstate commerce to promote, carry on or facilitate a business enterprise involving possession with intent to distribute cocaine base, in violation of 18 U.S.C. §§ 2

and 1952(a)(3) (Count Sixteen), and knowingly and intentionally possessing with intent to distribute cocaine base, in violation of 21 U.S.C. §841(a)(1) (Count Nineteen).  Defendant's motions for judgment of acquittal and a new trial were denied on June 4, 1997 (# 342).  On June 19, 1997, Defendant was sentenced to life in prison on Counts Two, Sixteen, and Nineteen (# 383).  The United States Court of Appeals for the Fourth Circuit affirmed Defendant's conviction and sentence.  United States v. Bailey, No. 97-4517, 165 F.3d 22, 1998 WL 738563 (4th Cir. (W. Va.) Oct. 22, 1998) (unpublished) (# 475).  Defendant filed a petition for a writ of certiorari in the United States Supreme Court, which was denied.  Bailey v. United States, No. 98-7753, 525 U.S. 1169 (Feb. 22, 1999) (# 495).

On February 28, 2000, Defendant filed a pro se Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, which was assigned Case No. 2:00-cv-00156 (# 523).  Defendant subsequently retained counsel to represent him, and filed amendments to his section 2255 motion (## 524, 525, 531, 533).  On February 12, 2001, the undersigned filed Proposed Findings and Recommendation that the § 2255 motion, as amended, be denied (# 571).  By Order entered May 16, 2001, the Hon. Elizabeth V. Hallanan denied relief (# 578).  His appeal was dismissed.  United States v. Bailey, No. 01-6945, 31 Fed. Appx. 259, 2002 WL 463705 (4th Cir. Mar. 27, 2002), cert. denied, 537 U.S. 1065 (Dec. 2,

2002).

The Fourth Circuit denied Defendant's motion to file a successive application for § 2255 relief. In re Bailey, No. 03-115 (4th Cir. Feb. 20, 2003).

On December 19, 2005, Defendant filed a motion for relief from judgment pursuant to Rule 60(b), *Fed. R. Civ. P.* (# 742). On April 26, 2006, the undersigned filed Proposed Findings and Recommendation that the Rule 60(b) motion be denied (# 743). By Orders entered May 19, 2006, relief was denied by the Hon. John T. Copenhaver, Jr. (## 747, 749). The Fourth Circuit affirmed. United States v. Bailey, No. 06-7213, 211 Fed. Appx. 232 (4th Cir. Jan. 3. 2007), cert. denied, 127 S. Ct. 2276 (May 14, 2007).

The instant § 2255 motion is based on the 2000 prosecution by the United States of Todd McDaniel, a former West Virginia State Police laboratory chemist, who had responsibility for testing various controlled substances and testifying as to his conclusions. (# 795, at 6.) Because McDaniel testified at Defendant's trial, Defendant asserts that McDaniel might have "tainted" his case. Id. He explains that he would have raised this issue in his first § 2255 motion, but he was unaware of the claim. (# 795, at 6.) In the years since his application to file a successive § 2255 application, Defendant advises that he has been ill. Id., at 8. He asks the court to hold an evidentiary hearing in the interest of justice, to develop evidence that the government prevented

3

Defendant from raising the claim about McDaniel. Id., at 9.

The court notes that on January 3, 1997, Defendant's attorney filed a motion on his behalf asking the United States to reveal the procedures used by the government in testing substances and all other evidence seized from the defendant and to supply him with sufficient samples for chemical analysis and other testing (# 88). On January 24, 1997, the then-presiding District Judge, the Hon. Charles H. Haden II, granted Defendant's motion, and directed those defendants who wished to secure samples for testing to confer with the government attorneys (# 118). If Defendant had any doubt in 1997 as to whether the controlled substances were as described in the indictment, he and his counsel certainly had the opportunity and the mechanism to obtain samples and test them.

The undersigned has reviewed the transcript of Defendant's trial. Todd McDaniel testified that Government's Exhibit 22 consisted of 1.18 grams of cocaine base, a Schedule II controlled substance. (# 352, tr. trial, vol. IV, at 704.) Prior to McDaniel's testimony as to his conclusion, he was subject to extensive voir dire by Defendant's counsel concerning the methods and equipment he used. Id., at 681-703. The exhibit was admitted into evidence. Id., at 704.

## ANALYSIS

The undersigned proposes that the presiding District Judge **FIND** that document # 795 is a successive section 2255 motion, in

that he is attempting to attack his conviction. His request for relief asks the court to engage in a discovery process which Defendant could have done in 1997. Title 28, United States Code, Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Similarly, Rule 9 of the Rules Governing Section 2255 Motions states, "Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8." Paragraph 8 of § 2255 requires a second or successive motion to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Defendant's document contains neither newly discovered evidence nor a new rule of constitutional law.

The undersigned proposes that the presiding District Judge **FIND** that Defendant has not received authorization from the United States Court of Appeals for the Fourth Circuit to file a second or successive petition. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Defendant's section 2255

motion (# 795).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have ten days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Defendant, Marvin Bailey, and to counsel of record.

| | |
|---|---|
|    August 12, 2008    <br> Date | *Mary E. Stanley* <br> Mary E. Stanley <br> United States Magistrate Judge |